# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| MAINE MEDICAL CENTER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM A. BERRY & SON, INC., )<br>SUFFOLK CONSTRUCTION )<br>COMPANY, INC., SUFFOLK/ )<br>BERRY, LLC and TRO JB, INC. )<br>)<br>Defendants, )<br>) <br>v. )<br>)<br>STANDARD WATERPROOFING, )<br>INC., PHOENIX BAY STATE )<br>CONSTRUCTION, DELTA )<br>ROOFING OF MAINE, A TECTA )<br>AMERICA COMPANY, LLC f/k/a )<br>DELTA ROOFING OF MAINE, )<br>LLC a/k/a DELTA ROOFING and )<br>ITR DRYWALL, INC. )<br>)<br>Third Party Defendants. ) | 2:16-cv-00052-JDL |

### ORDER ON PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO FILE REPLY MEMORANDUM AND REQUEST FOR ENLARGEMENT OF PAGE LIMITS

Maine Medical Center ("MMC") has moved for an enlargement of time to file a reply memorandum in support of its previously filed Motion to Amend (ECF No. 57), and an enlargement of page limits. ECF No. 65. Third Party Defendants Phoenix Bay State Construction, Inc. ("Phoenix") and ITR Drywall, Inc. ("ITR") oppose MMC's request for an enlargement of time. ECF No. 66; ECF No. 67.

This case arises out of a dispute over a construction project contracted for by MMC, on which Phoenix and ITR worked as subcontractors. ECF No. 62 at 1. The Motion to Amend filed by MMC seeks, in part, to add direct claims against Phoenix and ITR based on theories of negligent misrepresentation, third-party beneficiary, and negligence. ECF No. 57-1 at 14-18, ¶¶ 84-121. Phoenix and ITR oppose the Motion to Amend, contending that the amendment would be futile because the claims asserted against them fail to state a claim on which relief can be granted. ECF No. 62 at 1; ECF No. 64 at 5.

A party seeking to enlarge a deadline prior to that deadline's expiration must show "good cause" for the enlargement. *See* Fed R. Civ. P. 6(b)(1)(A). The good cause standard "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004) (discussing Rule 16(b)).

MMC seeks to enlarge the deadline for the filing of its reply memorandum until after the conclusion of Rule 30(b)(6) depositions of Phoenix and IRT. ECF No. 65 at 2. MMC argues that further discovery is needed to determine whether Phoenix and ITR were paid for work that they did not in fact perform during the performance of the construction contract, before it can file its reply memorandum in support of the Motion to Amend. *Id*. In the alternative, MMC requests permission to withdraw its Motion to Amend without prejudice to it being refiled. *Id*. at 3.

The arguments raised by Phoenix and ITR in their memoranda in opposition to MMC's Motion to Amend focus on the legal sufficiency of the claims asserted against them. ECF No. 66 at 2; ECF No. 64 at 6-11. They assert that the amendment

2

would be futile because the tort-based negligent misrepresentation and negligence claims are barred by the economic loss doctrine, ECF No. 62 at 3-9 (citing *Oceanside at Pine Point Condominium Owners Ass'n v. Peachtree Doors, Inc.*, 659 A.2d 267, 271 (Me. 1995); *Maine Rubber Intern. v. Environmental Mgmt. Grp., Inc.*, 298 F. Supp. 2d. 133, 138-39 (D. Me. 2004)), and also because the third-party beneficiary claims are barred by the language of the subcontracts between Phoenix, ITR, and the general contractors, ECF No. 62 at 3-10 (citing *F.O. Bailey Co., Inc. v. Ledgewood, Inc.*, 603 A.2d 466, 468 (Me. 1992)).  ITR also asserts that MMC's claims against it are barred by the statute of limitations.  ECF No. 64 at 6.

MMC's motion to amend, having been filed before MMC conducted discovery regarding the work performed by Phoenix and ITR, is premature.  The most efficient use of the court's and the parties' resources will be achieved by permitting MMC to withdraw its Motion to Amend without prejudice.  Accordingly, MMC's motion for enlargement of time to file reply memorandum and request for enlargement of page limits is **GRANTED IN PART:** MMC may withdraw its Motion to Amend (ECF No. 57) without prejudice.  Plaintiff shall file its withdrawal of the Motion to Amend within 7 days.  The motion is **DENIED** in all other respects.

SO ORDERED.

Dated this 7th day of September 2016

                                                        /s/ Jon D. Levy
                                                U.S. DISTRICT JUDGE